IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH GONZALES, | ) | CASE NO. 1:10-CV-1608 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MAGISTRATE JUDGE McHARGH** |
| v. | ) | |
| | ) | |
| COMMISSIONER OF | ) | **MEMORANDUM OPINION** |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

This case is before the Magistrate Judge pursuant to the consent of the parties. (Doc. 15). The issue before the undersigned is whether the final decision of the Commissioner of Social Security (the "Commissioner") denying Plaintiff Joseph Gonzales's application for Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, is supported by substantial evidence, and therefore, conclusive.

For the reasons set forth below, the Court AFFIRMS the decision of the Commissioner.

### I. INTRODUCTION & PROCEDURAL HISTORY

On September 1, 2006, Joseph Gonzales ("Plaintiff" or "Gonzales") protectively filed an application for Supplemental Security Income benefits alleging that he became disabled on April 10, 2006, due to suffering from multiple heart attacks. (Tr. 31, 103, 108). Plaintiff's application was denied initially and upon reconsideration. (Tr. 31-32). He timely requested and was granted an administrative hearing before Administrative Law Judge Denise McDuffie Martin (the "ALJ" or "ALJ McDuffie Martin"). (Tr. 51, 55-61).

On October 17, 2007, ALJ McDuffie Martin conducted a hearing via video wherein Plaintiff, represented by counsel, appeared and testified.[1] (*See* Tr. 6-30). Vocational expert, Ms. Grace Giaforte (the "VE"), and medical expert, Dr. John Cavenagh (the "ME") also testified at the hearing. *Id.* The ALJ presided over the hearing from Orland Park, Illinois. (Tr. 8). The ME and VE were also present in Orland Park, Illinois. *Id.* Plaintiff and his attorney appeared in Mansfield, Ohio. *Id.* On January 18, 2008, the ALJ issued a written decision denying Plaintiff's application for benefits. (Tr. 36-43). In her review of Plaintiff's application, ALJ McDuffie Martin applied the five-step sequential evaluation analysis,[2] and concluded that Gonzales was not disabled. *Id.* Following this

---

[1] Due to technical difficulties with the video equipment, the hearing was held via telephone only. (Tr. 8).

[2] The Social Security Administration regulations require an ALJ to follow a five-step sequential analysis in making a determination as to "disability." *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The Sixth Circuit has summarized the five steps as follows:

(1) If a claimant is doing substantial gainful activity – i.e., working for profit – she is not disabled.

(2) If a claimant is not doing substantial gainful activity, her impairment must be severe before she can be found to be disabled.

(3) If a claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

(4) If a claimant's impairment does not prevent her from doing her past relevant work, she is not disabled.

(5) Even if a claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc.), she is not disabled.

*Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

ruling, Gonzales requested review of the ALJ's decision from the Appeals Council. (Tr. 83). But, on May 24, 2010, the Appeals Council denied Plaintiff's request, thereby making the ALJ's decision the final decision of the Commissioner. (Tr. 1-4). Plaintiff now seeks judicial review of the ALJ's decision pursuant to 42 U.S.C. § 1383(c)(3).

Plaintiff, born on July 28, 1968, was thirty-eight years old on his alleged onset date, which deemed him as a "younger person" for Social Security purposes. (Tr. 103); 20 C.F.R. § 416.963(c). Gonzales graduated from high school and has prior experience working as a concrete finisher. (Tr. 9-10).

## II. ALJ'S DECISION

After completing a review of the record, ALJ McDuffie Martin determined that Gonzales was not disabled under the Social Security regulations. (Tr. 36-43). At step one of the sequential evaluation analysis, the ALJ found that Gonzales had not engaged in substantial gainful activity since September 1, 2006. (Tr. 38). At step two, the ALJ ruled that Plaintiff suffered from the following severe impairments: "coronary artery disease, status/post multiple angioplasties with stenting, and [a] history of myocardial infarctions." *Id.* Yet, at step three, ALJ McDuffie Martin concluded that Plaintiff's severe impairments did not individually or in combination meet or equal one of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* Before proceeding to step four, the ALJ announced that Gonzales retained the residual functional capacity ("RFC") to perform a limited range of sedentary work. (Tr. 39). Next, at step four, ALJ McDuffie Martin determined that Gonzales could not perform his past relevant work as a concrete finisher because the exertional demands of that job exceeded his current RFC. (Tr. 42). Nevertheless, at step five, the ALJ held that Plaintiff could perform other jobs which existed in significant numbers

3

in the national economy. (Tr. 42-43). For example, ALJ McDuffie Martin commented that Plaintiff could work as an order clerk, clerical checker, clerical sorter, information clerk, phone order taker, security monitor, or cashier. (Tr. 43).

### III. DISABILITY STANDARD

A claimant is entitled to receive Disability Insurance and/or Supplemental Security Income benefits only when he establishes disability within the meaning of the Social Security Act. *See* 42 U.S.C. §§ 423, 1381. A claimant is considered disabled when he cannot perform "substantial gainful employment by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve (12) months." *See* 20 C.F.R. §§ 404.1505, 416.905.

### IV. STANDARD OF REVIEW

Judicial review of the Commissioner's benefits decision is limited to a determination of whether, based on the record as a whole, the Commissioner's decision is supported by substantial evidence, and whether, in making that decision, the Commissioner employed the proper legal standards. *See Cunningham v. Apfel*, 12 F. App'x 361, 362 (6th Cir. 2001); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "Substantial evidence" has been defined as more than a scintilla of evidence but less than a preponderance of the evidence. *See Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). Thus, if the record evidence is of such a nature that a reasonable mind might accept it as adequate support for the Commissioner's final benefits determination, then that determination must be affirmed. *Id.* The Commissioner's determination must stand if supported by substantial evidence, regardless of whether this Court would resolve the issues of fact in dispute differently or substantial evidence also supports the opposite conclusion. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986); *Kinsella v.*

4

*Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983). This Court may not try this case de novo, resolve conflicts in the evidence, or decide questions of credibility. *See Garner*, 745 F.2d at 387. However, it may examine all evidence in the record in making its decision, regardless of whether such evidence was cited in the Commissioner's final decision. *See Walker v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989).

## V. ANALYSIS

Gonzales has only asserted one assignment of error with regard to ALJ McDuffie Martin's decision. He claims that the ALJ's decision at step three of the sequential analysis constituted reversible error because the ALJ applied an outdated version of Listing 4.04(C) to his impairments. Plaintiff submits that this error warrants remand because the ALJ clearly applied the wrong standard in evaluating his disability claim.

In her decision, ALJ McDuffie Martin indicated that she considered whether Plaintiff's ailments met or medically equaled Listing 4.04 for Ischemic heart disease. Specifically, the ALJ noted that Plaintiff's counsel maintained that Gonzales met or equaled section (C)(1)(d) of Listing 4.04. In a footnote in the opinion, ALJ McDuffie Martin partially quoted the listing, stating:

> C. Coronary artery disease, demonstrated by angiography, and an evaluating program physician, preferably one experienced in the care of patients with cardiovascular disease, has concluded that performance of exercise testing would present a significant risk to the individual, with both 1 and 2:
>
> 1. Angiographic evidence revealing: [. . .]
>
>    d. 50 percent or more narrowing of at least 2 nonbypassed coronary arteries; or . . . and
>
> 2. Resulting in marked limitation of physical activity, as demonstrated by fatigue, palpitation, dyspnea, or anginal discomfort on ordinary physical activity, even though the individual is comfortable at rest.

5

(Tr. 38). But, this version of Listing 4.04 was amended in 2006. Revised Medical Criteria for Evaluating Cardiovascular Impairments, 71 Fed. Reg. 2312, 2335 (Jan. 13, 2006). The amendment is central to this case because it modified the requirement at section (C)(2) of the listing. The current version of this section, which was in effect at the time the ALJ issued her opinion, reads as follows:

> 2. Resulting in very serious limitations in the ability to independently initiate, sustain, or complete activities of daily living.

20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 4.04(C)(2). This new version of the listing went into effect on April 13, 2006. 71 Fed. Reg. 2312. Clearly, there are substantial differences between the original and amended versions of section (C)(2) of the listing.

The Commissioner does not dispute that the ALJ cited to and relied upon the wrong version of the listing within her opinion. Instead, the Commissioner argues that the ALJ's error did not "undermine the substance of the analysis or conclusions reached by the ALJ". (Def.'s Br. at 6). The undersigned notes that the facts of this case are unique. While an ALJ's error of this caliber might normally warrant remand, the Court finds that the particular facts of this case are distinguishable from the facts of the case upon which Plaintiff relies in his request for remand, and holds that the ALJ's error did not harm Plaintiff, and therefore does not require remand.

In support of his request for remand, Gonzales relies primarily upon the ruling announced by the District Court for the District of Columbia in *Brown v. Barnhart*, 370 F. Supp.2d 286, 291-92 (D.D.C. 2005). The court in *Brown* remanded the ALJ's decision after finding that the ALJ had compared the claimant's impairments to an outdated version of the applicable listing at step three of the sequential evaluation analysis. *Id*. at 290-92. In that case, the Commissioner had revised the listing's requirements just three days prior to the issuance of the ALJ's ruling. *Id.* at 290. Despite

6

the small gap in time between the effective date of the revision and the issuance of the ALJ's decision, the court ruled that "the ALJ should have applied the revised listing, and that his failure to do so constitute[d] reversible error", rejecting the Commissioner's argument that the revision only applied to applications filed after the revision's effective date. *Id.* at 291.

Although at first glance the similarities between *Brown* and the instant case would incline the Court to remand ALJ McDuffie Martin's decision, further consideration of the facts of each case demonstrate that the differences between the cases warrant different outcomes. In *Brown*, the ALJ's decision at step three was based solely on his own consideration of whether the plaintiff's medical impairments met or equaled the listing provisions in question. *See id*. No medical expert testimony was presented at Brown's hearing. Thus, the ALJ's application of the incorrect listing standard warranted remand because the error precluded Brown from receiving a full and fair hearing by the Social Security Administration. *Id*.

In contrast, there was a medical expert who testified at Gonzales's hearing, Dr. John Cavenagh. This is significant for two reasons. First, during counsel's examination of Dr. Cavenagh, counsel specifically questioned the ME regarding whether Plaintiff's impairments met or medically equaled the requirements set forth in Listing 4.04(C). (Tr. 18-22). During their colloquy, the ME confirmed that Plaintiff's condition appeared to satisfy the requirements listed in part one of Listing 4.04(C). (Tr. 21). However, Dr. Cavenagh noted that the listing required the claimant to satisfy both sections one and two, and that Gonzales did not meet or equal the requirements of the second section because he could "independently sustain activities of daily living." *Id.* In using this language, it is clear that the ME was comparing Gonzales's impairments to the revised version of Listing 4.04(C)(2), which was in effect at the time of the ALJ's decision, because the ME's language

7

mirrors the wording used in the revision. On the other hand, there is no reference to "activities of daily living" in the former version of Listing 4.04(C)(2), and there would have been no logical reason for the ME to make this statement unless he was comparing Plaintiff's condition to the current version of Listing 4.04(C)(2). Therefore, the ME applied the correct revised standard in contemplating whether Gonzales met or equaled Listing 4.04(C).

Second, unlike the ALJ in *Brown*, ALJ McDuffie Martin's determination at step three relied heavily upon the testimony of a medical expert, rather than merely on her own consideration of whether Plaintiff met or medically equaled the listing. The ALJ's decision explicitly noted that she was adopting the conclusions reached by the state agency medical consultants and medical experts testifying at the hearing. (Tr. 38-39). In fact, in discussing whether Gonzales's impairments met or equaled the requirements in Listing 4.04(C), ALJ McDuffie Martin referenced Dr. Cavenagh's testimony indicating that Plaintiff "did not meet both criteria necessary to satisfy the listing". (Tr. 39).

After viewing these two factors jointly, the undersigned finds that ALJ McDuffie Martin's reference to the outdated version of Listing 4.04(C) was not of the same ilk as the ALJ's error in *Brown*. The two errors lead to two very different outcomes. In *Brown*, the ALJ's error was harmful because his application of the outdated listing precluded Brown from having a full and fair hearing, as the ALJ's decision was based entirely on his application of the wrong standard. But, in the case *sub judice*, ALJ McDuffie Martin's error did not prevent Gonzales from having a full and fair hearing because the ALJ's decision was based upon the testimony of the ME who properly compared Plaintiff's impairments to the requirements under the revised listing. Therefore, although ALJ McDuffie Martin's decision referenced and cited to the outdated version of Listing 4.04(C), this

error did not harm Plaintiff because the substantial evidence supporting the ALJ's conclusion was based upon a consideration of the listing as it was properly effective at the time of the ALJ's decision. Accordingly, the Court finds that the ruling in *Brown* is not controlling in this case.

Instead, the appropriate analysis in this case is more akin to the reasoning applied by the Sixth Circuit in *Williams v. Commissioner of Social Security*, 227 F. App'x 463 (6th Cir. 2007). In *Williams*, the plaintiff argued that the ALJ's decision was invalid because the ALJ mistakenly analyzed the plaintiff's symptoms under Listing 12.05(D) instead of 12.05(C), under which Plaintiff sought disability benefits. (*See Williams v. Barnhart*, Case No. 3:02-0805, M.D. Tenn., Doc. 25 at 6-10, attached as Ex. A).[3] Although the listing's requirements under section D were significantly different than the requirements under section C, the Middle District of Tennessee upheld the ALJ's decision, finding that "the ALJ did not rest his decision on Plaintiff's failure to meet the requirements of Listing 12.05D or C, but rather on her failure to meet the definition of mental retardation as described in the introductory paragraph of Listing 12.05." (*Id*. at 9). Therefore, the court concluded that the ALJ's mistake "did not in any way undermine the substance of the analysis or the conclusions reached [by the ALJ] and [that] remand [wa]s unnecessary." (*Id.* at 10). The Sixth Circuit quoted this language in affirming the district court's decision and found that it was not an improper *post hoc* rationalization. *Williams*, 227 F. App'x at 464.

The reasoning used in *Williams* aptly applies to the instant case. Though ALJ McDuffie Martin's decision openly recites an outdated version of Listing 4.04(C), her reference to this listing did not undermine the substance of her analysis or the conclusions she reached. The ALJ's analysis

---

[3]Because the docket for this case is no longer available on PACER, the undersigned attached a copy of the district court's memorandum opinion to this decision.

and conclusions were appropriately based upon the testimony of Dr. Cavenagh who properly considered Plaintiff's impairments under the current version of Listing 4.04(C).  As a result, the ALJ's decision is supported by substantial evidence, despite its reference to the outdated version of the listing.

Finally, the Court is further persuaded that the ALJ's mistake did not harm Plaintiff as Gonzales has failed to produce evidence illustrating that he is unable to work.  Aside from Plaintiff's own statements alleging that he has some problems completing tasks of daily living, Plaintiff has not pointed to any other evidence in the record suggesting that he was disabled.  On the other hand, both state agency physicians who reviewed Plaintiff's file opined that he was capable of performing work (Tr. 306-13, 355-61), and the cardiologist who examined him also found that he could be gainfully employed (Tr. 435).  Accordingly, the Court finds no reason to reverse the ALJ's ruling.

## VI.  DECISION

For the foregoing reasons, the Magistrate Judge finds that the decision of the Commissioner is supported by substantial evidence.  Accordingly, the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

s/ Kenneth S. McHargh<br>Kenneth S. McHargh<br>United States Magistrate Judge

Date: November 18, 2011.